UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| Judy Gauthier, as an individual and on behalf of Larry Gauthier and his estate, Lucretia Nickerson, Jermaine Gauthier, and Yolanda Gauthier | § | |
| Plaintiffs, | § | |
| | § | **C.A. NO.** 1:07-cv-00012-TH |
| vs. | § | |
| Union Pacific Railroad Company, Andrew F. Granger, Brent Waguespack, Ken Rouse, Jack Mann, and National Railroad Passenger Corporation d/b/a Amtrak | § | Judge Thad Heartfield |
| Defendants. | § | |

**<u>Plaintiffs' First Amended Complaint</u>**

Plaintiffs Judy Gauthier, as an individual and on behalf of Larry Gauthier and his estate, Lucretia Nickerson, Jermaine Gauthier, and Yolanda Gauthier, file this First Amended Complaint against Union Pacific Railroad Company, Andrew F. Granger, Brent Waguespack, Ken Rouse, Jack Mann, and National Railroad Passenger Corporation d/b/a Amtrak ("Defendants"). At this time, no responsive pleadings have been filed, and Plaintiffs are therefore amending their Complaint as a matter of right pursuant to Federal Rule of Civil Procedure 15(a). Plaintiffs would respectfully show the Court as follows:

**I.**

**<u>Nature of Action</u>**

1. Plaintiffs sue for wrongful death, negligence, and gross negligence

## II.

## Jurisdiction and Venue

2. The claims asserted arise under the common law of Texas.

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1441(a) under 28 U.S.C. §§ 1131 and 1349.

4. To be clear to the Court and Defendants, Plaintiff is not pleading any claims preempted under the holdings set forth in *Norfolk v. Shanklin*, *CSX Transportation v. Easterwood*, or those cases' progeny.

5. Venue is proper in this Court because several Defendants reside in the District, and Defendants conduct substantial operations in this District, and a substantial part of the events and occurrences made the basis of this lawsuit either took place or emanated from this District.

## III.

## Parties

6. Plaintiff Judy Gauthier resides in Louisiana. She was Larry Gauthier's wife. She brings this action individually and on behalf of her deceased husband Larry Gauthier.

7. Plaintiff Lucretia Nickerson is Larry Gauthier's daughter and resides in Kansas.

8. Plaintiffs Jermaine Gauthier, and Yolanda Gauthier are Larry Gauthier's children. They reside in Louisiana.

9. Defendant Union Pacific Railroad Company is a corporation authorized to conduct business in Texas. Union Pacific may be served with process by serving its registered agent, David P. Young, General Solicitor, 808 Travis Street, Suite 620, Houston, TX 77002.

10. Defendant Andrew F. Granger is a resident of this district. He works in Union Pacific's Beaumont office. Part of Mr. Granger's duties include supervising the inspection of the

track and the areas around the track at issue. Mr. Granger's negligence caused Plaintiffs' damages. Mr. Granger maybe served with process at 106 Flynn Road, Beaumont, TX 77713.

11. Defendant's Brent Waguespack and Ken Rouse work for Union Pacific. They were involved in the decision making process to allow the crossing at issue in this case to remain open with inadequate warning devices. They may be served at their usual place of business through Union Pacific's registered agent David P. Young, General Solicitor, 808 Travis Street, Suite 620, Houston, TX 77002.

12. Defendant Jack Mann is a resident of this district. He is Union Pacific's claims investigator. Mr. Mann previously investigated accidents at the crossing at issue in this case. Although he knew that this was a crossing that needed to be examined for upgrades or closure, Mr. Mann failed to speak or take actions necessary to close the crossing or make it safe. Mr. Mann is being sued in his individual capacity. He can be served with process at his residence 1745 East Dr., Beaumont, TX 77706. He may also be served with process by serving his employer's registered agent for service of process David P. Young, General Solicitor, 808 Travis Street, Suite 620, Houston, TX 77002.

13. Amtrak is a common carrier and corporation chartered by Act of Congress with more than 50% of its stock owned by the United States of America with its principal place of business in Washington, D.C. Amtrak may be served with process by serving David Laney at 60 Massachusetts Ave., NE, Washington, DC 2002.

## IV.

## Facts

14. This lawsuit became necessary when an Amtrak train that was traveling on a Union Pacific track violently struck Larry Gauthier's vehicle on or about December 29, 2006. The train's

impact killed Larry Gauthier.

15. The accident occurred at the "Eddy Street Crossing" in Vinton, Louisiana. The crossing had previously been closed and then reopened. The crossing was reopened with no or very little warning to vehicle traffic. Thereafter, despite several severe accidents and fatalities at the crossing, and despite a duty by Defendants to make the crossing safe or close it, neither adequate warning nor a closure was made.

16. The train that hit Mr. Gauthier was either exceeding the speed limit, or, even if within the speed limit, traveling at an unreasonably high speed given the crossing's dangerous history and the likelihood of serious injury or death to persons crossing in vehicles.

## V.

## Causes of Action

17. Plaintiffs re-allege and incorporate all allegations in this Complaint. This tragedy would not have occurred but for Defendants' negligence. Defendants were negligent and grossly negligent for:

a. failing to keep a proper lookout;

b. failing to properly sound the train's whistle, siren, or horn;

c. failing to proper maintain an adequate, unobstructed sight distance at its crossings;

d. failing to slow and/or stop the train in order to avoid a specific individual hazard;

e. failing to install a crossing guard;

f. failing to use any means of active warning for approaching traffic;

g. failing to perform inspections and testing of warning systems;

h. failing to properly train employees;

i. failing to properly inspect the track and take reasonable precautions to prevent individuals from placing themselves in harm's way;

j. exceeding the speed limit; and

k. failing to perform any studies, inspection, or analysis into the problems at the crossing.

21. Plaintiffs are entitled to punitive damages because Defendants' actions were grossly negligent and/or intentional. Defendants acted with conscious and malicious disregard for Plaintiff's health and safety. Defendants' acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Plaintiff and others. Defendants had actual, subjective awareness of the risk, and consciously disregarded such risks. In fact, Defendants are keenly aware that there have been 4 fatalities at this crossing since 1997.

## VI.

## Prayer

Plaintiff prays for relief and judgment, as follows:

a. Compensatory damages against Defendants;

b. Actual damages;

c. Consequential damages;

d. Exemplary damages against Defendants;

e. Interest on damages (pre- and post-judgment) in accordance with law;

f. Plaintiff's reasonable attorneys' fees, costs; and

g. Such other and further relief as the Court may deem just and proper.

**VII.**

**Jury Trial Demanded**

Plaintiff hereby demands a trial by jury on all claims.

Dated: May 4, 2007.

Respectfully submitted,

ARNOLD & ITKIN LLP

*/s/ Jason A. Itkin*

Stephen R. Foster
State Bar No. 24027314
Admitted to the Eastern District
ARNOLD & ITKIN LLP
5 Houston Center
1401 McKinney Street, Suite 2550
Houston, Texas 77010
Telephone: (713) 222-3800
Facsimile: (713) 222-3850

**Attorney-in-Charge for Plaintiff**

**OF COUNSEL:**
Jason A. Itkin
State Bar No. 24032461
Admitted to the Eastern District
5 Houston Center
1401 McKinney Street, Suite 2550
Houston, Texas 77010
Telephone: (713) 222-3800
Facsimile: (713) 222-3850