IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| Judy Gauthier, et. al. | § | C.A. NO. 1:07-CV-00012-TH |
| | § | |
| v. | § | Judge Thad Heartfield |
| | § | |
| Union Pacific Railroad Company, et. al. | § | JURY |

## STATEMENT OF ISSUES TO BE DECIDED BY THE COURT

Defendants, Union Pacific Railroad Company, Andrew F. Granger, Brent Waguespack, Ken Rouse, Jack Mann, and National Railroad Passenger Corporation d/b/a Amtrak (hereinafter collectively referred to as "Defendants"), hereby assert that the following issues are before this Court on the subject Motion for Partial Summary Judgment Regarding Railroad's Duty to Maintain the Crossing:

1. Whether plaintiffs' claims that Union Pacific Railroad Company was negligent for the alleged failure to adequately construct and maintain the approaches to the Eddy Street crossing should be dismissed with prejudice on the grounds that pursuant to La. R.S. 45:323, Union Pacific is only responsible to construct and maintain the area of Eddy Street that lies between and two feet outside the rails. Defendants assert that as Union Pacific is only responsible to construct and maintain the area between and two feet outside the rails, plaintiffs' claims that the slopes of the crossing approaches were too steep, that the approach to the crossing is skewed or that the crossing approaches were not adequately maintained should be dismissed.

Respectfully submitted,

**McLEOD, ALEXANDER, POWEL & APFFEL**
A Professional Corporation
Douglas W. Poole (TBA: 16115600)
William R. Floyd (TBA: 07188407)
802 Rosenberg, P.O. Box 629
Galveston, TX 77553
(409)763-2481 – Fax: (409)762-1155

**DAVIDSON, MEAUX, SONNIER & McELLIGOTT**

BY:_____
KYLE L. GIDEON (#14288)
810 South Buchanan Street
Post Office Drawer 2908
Lafayette, LA 70502-2908
(337) 237-1660 – Fax: (337)237-3676

**BENCKENSTEIN & OXFORD, L.L.P.**
Hubert Oxford, III (TBA: 15392000)
3535 Calder Ave., Ste. 300
Beaumont, TX  77706
(409)833-9182  – Fax: (409)833-8819

Attorneys for: National Railroad Passenger Corporation, Union Pacific Railroad Company, Andrew F. Granger, Brent Waguespack, Ken Rouse and Jack Mann

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the ___14th___ day of April, 2008, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to the following by operation of the court's electronic system.

_____
KYLE L. GIDEON

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| Judy Gauthier, et. al. | § | C.A. NO. 1:07-CV-00012-TH |
| | § | |
| v. | § | Judge Thad Heartfield |
| | § | |
| Union Pacific Railroad Company, et. al. | § | JURY |

## STATEMENT OF UNDISPUTED MATERIAL FACTS

Defendants, Union Pacific Railroad Company, Andrew F. Granger, Brent Waguespack, Ken Rouse, Jack Mann, and National Railroad Passenger Corporation d/b/a Amtrak (hereinafter collectively referred to as "Defendants"), hereby assert that the following material facts relevant to the subject Motion for Partial Summary Judgment Regarding Railroad's Duty to Maintain the Crossing are not in dispute:

1. On December 29, 2006, a collision occurred between a vehicle being driven by Larry Gauthia and a train owned and operated by The National Railroad Passenger Corporation ("Amtrak").

2. The accident occurred at the grade crossing of Eddy Street over the Union Pacific Railroad Company ("UPRR") main line track in Vinton, Louisiana.

3. Mr. Gauthia was traveling north on Eddy Street.

4. As Mr. Gauthia attempted to cross the UPRR tracks, he disregarded the railroad advance warning signs, the stop sign and the railroad crossbuck sign posted at the crossing; disregarded the whistle and bell of the lead locomotive and failed to yield the right of way to the Amtrak train that was traveling eastbound.

5. As a result, a collision occurred between the vehicle driven by Mr. Gauthia and the Amtrak train.

6.  UPRR owns the railroad track where the subject accident occurred.

7.  UPRR does not own or have any control or custody over the public roadway, Eddy Street, which crosses over the UPRR railroad tracks at the location of the subject accident.

Respectfully submitted,

**McLEOD, ALEXANDER, POWEL & APFFEL**
Douglas W. Poole (TBA: 16115600)
William R. Floyd (TBA: 07188407)
802 Rosenberg, P.O. Box 629
Galveston, TX 77553
(409)763-2481 – Fax: (409)762-1155

**DAVIDSON, MEAUX, SONNIER & McELLIGOTT**

BY: _____
KYLE L. GIDEON (#14288)
810 South Buchanan Street
Post Office Drawer 2908
Lafayette, LA 70502-2908
(337) 237-1660 – Fax: (337)237-3676

**BENCKENSTEIN & OXFORD, L.L.P.**
Hubert Oxford, III (TBA: 15392000)
3535 Calder Ave., Ste. 300
Beaumont, TX  77706
(409)833-9182 – Fax: (409)833-8819
Attorneys for: National Railroad Passenger Corporation, Union Pacific Railroad Company, Andrew F. Granger, Brent Waguespack, Ken Rouse and Jack Mann

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the ____ day of April, 2008, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to the following by operation of the court's electronic system.

_____
KYLE L. GIDEON

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| Judy Gauthier, et. al. | § § | C.A. NO. 1:07-CV-00012-TH |
| v. | § § | Judge Thad Heartfield |
| Union Pacific Railroad Company, et. al. | § | JURY |

**MOTION FOR PARTIAL SUMMARY JUDGMENT
REGARDING RAILROAD'S DUTY TO MAINTAIN THE CROSSING**

NOW COME Defendants, Union Pacific Railroad Company, Andrew F. Granger, Brent Waguespack, Ken Rouse, Jack Mann, and National Railroad Passenger Corporation d/b/a Amtrak (hereinafter collectively referred to as "Defendants"), who hereby move this Court for a Partial Summary Judgment under Rule 56 of the Federal Rules of Civil Procedure on the grounds that as a matter of law, Union Pacific Railroad Company is only responsible for the construction and maintenance of that portion of the rails and two feet outside the rails, thus, any claims by plaintiff that defendants are liable or responsible for the ownership, construction or maintenance of any portion of Eddy Street other than the area between the rails and two feet outside the rails should be dismissed. Specifically, plaintiffs allege that the Eddy Street approaches to the railroad crossing were sloped too steeply and were not adequately maintained and that the angle created by Eddy Street's intersection with the railroad track is skewed. Pursuant to La. R.S. 45:323, Union Pacific's sole responsibility for construction and maintenance relative to a roadway crossing or its tracks is for the area between the rails and two feet outside the rails. Union Pacific is not otherwise liable or responsible for the construction or maintenance of Eddy Street. For the reasons stated hereinbelow, there is no genuine issue of material fact and defendants are

entitled to a judgment in their favor as a matter of law, dismissing plaintiffs' claims that Union Pacific was negligent for the construction or maintenance of Eddy Street.

## I.   FACTS AND ALLEGATIONS

On December 29, 2006, a collision occurred between a vehicle being driven by Larry Gauthia and a train owned and operated by The National Railroad Passenger Corporation ("Amtrak").  The accident occurred at the grade crossing of Eddy Street over the Union Pacific Railroad Company ("UPRR") main line track in Vinton, Louisiana.  Mr. Gauthia was traveling north on Eddy Street.  As Mr. Gauthia attempted to cross the UPRR tracks, he disregarded the railroad advance warning signs, the stop sign and the railroad crossbuck sign posted at the crossing; disregarded the whistle and bell of the lead locomotive and failed to yield the right of way to the Amtrak train that was traveling eastbound.  As a result, a collision occurred between the vehicle driven by Mr. Gauthia and the Amtrak train.

UPRR owns the railroad track where the subject accident occurred.  UPRR does not own or have any control or custody over the public roadway, Eddy Street, which crosses over the UPRR railroad tracks at the location of the subject accident.

## II.   THE CLAIM

As is standard in the railroad industry, the term "crossing" is defined as the area between the rails and two feet outside the rails.  The portions of the roadway that lead to the "crossing" are referred to as the "approaches" or "crossing approaches."

It is anticipated that plaintiffs may attempt to claim and present evidence that the Eddy Street approaches to the railroad crossing were sloped too steeply and were not properly maintained and that the steep grade and/or lack of surface maintenance of the crossing approaches caused or contributed to the accident.  That claim is factually

inaccurate and denied by defendants. Additionally, it is anticipated that plaintiffs shall attempt to claim and present evidence that the angle formed by the intersection of Eddy Street and the railroad track was skewed and that the angle caused or contributed to the accident. That assertion is also factually inaccurate and denied by the defendants.

UPRR files this motion for partial summary judgment to dismiss any claims that UPRR was responsible for any area of the Eddy Street roadway other than the area between the rails and two feet outside of the rails, and particularly the roadway approaches to the crossing. The motion in limine is sought to prohibit any evidence or argument to the jury that UPRR was responsible for any area of Eddy Street other than the area between the rails and two feet outside the rails or that it was responsible for the construction design, layout or maintenance of the approaches of Eddy Street to the track.

## III.   LAW AND ARGUMENT

### a.   Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(a) and (b) further provide that summary judgment may be granted as to all or <u>any part</u> of a claim.

Under this standard, a material fact is one that might affect the outcome of the lawsuit considering the governing law and a genuine issue exists if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Instone*

*Travel Tech Marine & Offshore v. International Shipping Partners, Inc.*, 334 F.3d 423, 427 (5th Cir. 2003).

### b. A Railroad is Only Responsible for the Area of the Crossing Surface Between the Rails and Two Feet Outside the Rails

Under Louisiana state law, the construction and maintenance of the crossing approaches at issue was the responsibility of the governmental entity that constructed the public road, Eddy Street, that crossed over the UPRR railroad tracks. Pursuant to LSA-R.S. 45:323, all railroads whose tracks are laid on or across a public street have a responsibility to keep <u>only</u> the area between the rails and two feet outside the rails in good condition and suitable for vehicular traffic. The railroad's duty to maintain a public road crossing is limited to that portion of the public street lying between the rails of the tracks, and for a distance of two feet outside of each rail. LSA-R.S. 45:323 state, in pertinent part:

> A. All railroads,...whose tracks are laid on or across the public street of any municipality, shall keep in good condition and suitable for vehicular traffic <u>that portion of the street lying between the rails of the tracks of such railroad and railways, and for a distance of two feet on the outside of each rail of the tracks used or operated by them</u>, together with the necessary headers; and when the street is paved, <u>whether before or after the tracks are laid</u>, they shall pave, repave, repair, and keep in good condition and suitable for vehicular traffic <u>that portion of the public street lying between the rails of the tracks used by such railroad or railways, and for a distance of two feet on the outside of each rail of the tracks used or operated by them</u>, with such character or kind of paving, together with the necessary headers, as may, from time to time, be designated by the governing body of the municipality. If the ties of any track shall extend for a greater distance than two feet on the outside of the rails, the duty and obligation of the railroads or railways to pave, repave, repair, and keep in good condition said pavement, shall extend to the ends of the ties. In addition the railroad or railways shall in all cases install and maintain the necessary headers to separate that portion of the public

> street to be paved, repaved, repaired, and maintained by them from the other portions of the public street.

While LSA-R.S. 45:323 clearly imposes a duty on a railroad to maintain the crossing, whether or not the track pre-existed the road it crosses, this statutory duty is limited to the portion of the road surface between the rails and for a distance of two feet outside each rail.

Courts have consistently held that the railroad's responsibility to maintain crossings does not extend beyond the portion between the rails or for any distance beyond two feet on either side of the rails.

In *Succession of Theriot v. Southern Pacific Transportation Co.*, 560 So.2d 861 (La.App. 3 Cir. 1990), a widow brought an action against the Southern Pacific railroad, the Louisiana Department of Transportation and Development, and the Iberia Parish Council for damages arising out of a car/train collision at the Airport Boulevard crossing that resulted in the death of her husband. Among the plaintiff's allegations was a claim of negligence against the railroad for improperly maintaining the Airport Boulevard crossing. *Id.*

The Court in *Succession of Theriot* upheld the jury's finding of no liability on the part of Southern Pacific. *Id.* The Court stated that Southern Pacific's duty to keep the crossing in good condition extended to the portion of the street lying between the rails of the tracks and for a distance of two feet outside of the rail, according to LSA-R.S. 45:323(A). *Id.* at 864.

The Court further opined:

> Legally, SoPac did not have control, other than of the track itself, of the Airport Boulevard railroad crossing. In 1949, the

> Texas and New Orleans Railroad Company, predecessor in title to SoPac, granted to the Parish of Iberia a right of way to construct a public road, i.e. Airport Boulevard, over the company's property, reserving to itself and its successors only the rights to maintain and operate its existing railroad track and appurtenances, and to construct additional railroad tracks. Thus control of the road clearly rests with the Parish of Iberia. *Id.*

*Dehart v. Burlington Northern and Santa Fe Railroad Company* involved a review of a jury verdict in favor of BNSF that BNSF was not negligent in the design or maintenance of the crossing at issue. *Dehart v. Burlington Northern and Santa Fe Railroad Company*, 860 So. 2d 248 (La. App. 5 Cir., 2003). The plaintiff attempted to argue that the trial court erred in excluding evidence regarding the responsibility for maintenance and control of the crossing at issue and its approaches. *Id.* The road that crossed over the BNSF tracks in *Dehart* was a private driveway; however, testimony at trial explained that there are no Louisiana state laws regarding the railroad's duty to maintain private crossings. *Id.* The testimony offered was that BNSF maintained private crossings in the same manner as that required for a public crossing by LSA-R.S. 45:323 and under 45:323, the railroad owning the tracks only had a duty to maintain the crossing road surface for a distance of two feet on the outside each rail of the tracks. *Id.* The court of appeal held that there was a reasonable basis upon which the jury could have reached the conclusion that BNSF was not negligent since there was no evidence that BNSF was required to maintain the private road crossing beyond what it was legally required to maintain for a public road crossing, the area within the rails and two feet outside of the rails. *Id.* The court therefore affirmed the jury's verdict and the judgment dismissing BNSF. *Id.*

This concept was recognized by the U.S. 5th Circuit Court of Appeal in the case of *Illinois Central R. Co. v. Leichner*, 19 F.2d 118 (C.A. 5th 1927) where the court held that Louisiana law does not impose a duty on the railroad to maintain in good condition the public road on its right of way outside of the crossing.

UPRR's duty to maintain the Eddy Street crossing is clearly spelled out under Louisiana law: the railroad is only responsible for the portion of the road lying between the rails and outside the rails for a distance of two feet on either side.  The design, construction, repair and maintenance of any other portion of Eddy Street is the responsibility of the governmental entity or agency that caused the construction of Eddy Street.

**IV.    CONCLUSION**

UPRR's duty to maintain a railroad grade crossing is limited to the area between the rails and for a distance of two feet outside the rails.  UPRR is not responsible for the maintenance of any other portion of the roadway.  The primary responsibility for the crossing approaches lies with the governmental agency that constructed the crossing.

For the reasons outlined above, this Court should grant the defendant's Motion for Summary Judgment dismissing all claims against defendants relating to the construction or maintenance of any portion of the roadway outside the area between the rails and for a distance of two feet outside the rails.

Additionally, the Court should grant defendants' Motion in Limine, and, through an order issued by this Honorable Court, the opposing parties should be prohibited from arguing, suggesting, making mention of, or producing evidence in regards to negligence on the part of defendant UPRR in regards to the construction and/or maintenance of the

Eddy Street crossing, other than the portion of the crossing between the rails, and for a distance of two feet outside either rail.

## V. REQUEST FOR ORAL ARGUMENT

Defendants hereby request oral argument of this motion.

Respectfully submitted,

**McLEOD, ALEXANDER, POWEL & APFFEL**
Douglas W. Poole (TBA: 16115600)
William R. Floyd (TBA: 07188407
802 Rosenberg, P.O. Box 629
Galveston, TX 77553
(409)763-2481 – Fax: (409)762-1155

**DAVIDSON, MEAUX, SONNIER & McELLIGOTT**

BY:_____
KYLE L. GIDEON (#14288)
810 South Buchanan Street
Post Office Drawer 2908
Lafayette, LA 70502-2908
(337) 237-1660 – Fax: (337)237-3676

**BENCKENSTEIN & OXFORD, L.L.P.**
Hubert Oxford, III (TBA: 15392000)
3535 Calder Ave., Ste. 300
Beaumont, TX  77706
(409)833-9182 – Fax: (409)833-8819

Attorneys for: National Railroad Passenger Corporation, Union Pacific Railroad Company, Andrew F. Granger, Brent Waguespack, Ken Rouse and Jack Mann

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the ___14th___ day of April, 2008, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to the following by operation of the court's electronic system.

_____
KYLE L. GIDEON

8