IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| Judy Gauthier, et. al. | § | C.A. NO. 1:07-CV-00012-TH |
| | § | |
| v. | § | Judge Thad Heartfield |
| | § | |
| Union Pacific Railroad Company, et. al. | § | JURY |

## STATEMENT OF ISSUES TO BE DECIDED BY THE COURT

Defendants, Union Pacific Railroad Company, Andrew F. Granger, Brent Waguespack, Ken Rouse, Jack Mann, and National Railroad Passenger Corporation d/b/a Amtrak (hereinafter collectively referred to as "Defendants"), hereby assert that the following issues are before this Court on the subject Motion for Partial Summary Judgment Regarding Survival Action:

1. Whether plaintiffs' survival action claim should be dismissed with prejudice as there is no affirmative evidence that Larry Gauthia consciously suffered any pre-death pain, an essential element of proof necessary to recover survival action damages. Defendants assert that as there is no affirmative evidence to show that Larry Gauthia was conscious after the accident and did in fact suffer pain, plaintiffs' survival action claim should be dismissed as a matter of law.

Respectfully submitted,

**McLEOD, ALEXANDER, POWEL & APFFEL**
A Professional Corporation
Douglas W. Poole (TBA: 16115600)
William R. Floyd (TBA: 07188407
802 Rosenberg, P.O. Box 629
Galveston, TX 77553
(409)763-2481 – Fax: (409)762-1155

**DAVIDSON, MEAUX, SONNIER
& McELLIGOTT**

BY: _____
KYLE L. GIDEON (#14288)
810 South Buchanan Street
Post Office Drawer 2908
Lafayette, LA 70502-2908
(337) 237-1660 – Fax: (337)237-3676

**BENCKENSTEIN & OXFORD, L.L.P.**
Hubert Oxford, III (TBA: 15392000)
3535 Calder Ave., Ste. 300
Beaumont, TX  77706
(409)833-9182  – Fax: (409)833-8819

Attorneys for: National Railroad Passenger Corporation, Union Pacific Railroad Company, Andrew F. Granger, Brent Waguespack, Ken Rouse and Jack Mann

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the ____14th____ day of April, 2008, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to the following by operation of the court's electronic system.

_____
KYLE L. GIDEON

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| Judy Gauthier, et. al. | § | C.A. NO. 1:07-CV-00012-TH |
| | § | |
| v. | § | Judge Thad Heartfield |
| | § | |
| Union Pacific Railroad Company, et. al. | § | JURY |

## STATEMENT OF UNDISPUTED MATERIAL FACTS

Defendants, Union Pacific Railroad Company, Andrew F. Granger, Brent Waguespack, Ken Rouse, Jack Mann, and National Railroad Passenger Corporation d/b/a Amtrak (hereinafter collectively referred to as "Defendants"), hereby assert that the following material facts relevant to the subject Motion for Partial Summary Judgment Regarding Survival Action are not in dispute:

1. Larry Gauthia was not conscious between the time of the occurrence of the accident and the time of his death.

2. Larry Gauthia did not experience any conscious pain or suffering between the time of the occurrence of the accident and the time of his death.

Respectfully submitted,

**McLEOD, ALEXANDER, POWEL & APFFEL**
A Professional Corporation
Douglas W. Poole (TBA: 16115600)
William R. Floyd (TBA: 07188407
802 Rosenberg, P.O. Box 629
Galveston, TX 77553
(409)763-2481  − Fax: (409)762-1155

**DAVIDSON, MEAUX, SONNIER & McELLIGOTT**

BY: _____
KYLE L. GIDEON (#14288)
810 South Buchanan Street
Post Office Drawer 2908
Lafayette, LA 70502-2908
(337) 237-1660 – Fax: (337)237-3676

**BENCKENSTEIN & OXFORD, L.L.P.**
Hubert Oxford, III (TBA: 15392000)
3535 Calder Ave., Ste. 300
Beaumont, TX 77706
(409)833-9182 – Fax: (409)833-8819

Attorneys for: National Railroad Passenger Corporation, Union Pacific Railroad Company, Andrew F. Granger, Brent Waguespack, Ken Rouse and Jack Mann

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the ____ day of April, 2008, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to the following by operation of the court's electronic system.

_____
KYLE L. GIDEON

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| Judy Gauthier, et. al. | § | C.A. NO. 1:07-CV-00012-TH |
| | § | |
| v. | § | Judge Thad Heartfield |
| | § | |
| Union Pacific Railroad Company, et. al. | § | JURY |

## MOTION FOR PARTIAL SUMMARY JUDGMENT
## REGARDING SURVIVAL ACTION

Defendants, Union Pacific Railroad Company, Andrew F. Granger, Brent Waguespack, Ken Rouse, Jack Mann, and National Railroad Passenger Corporation d/b/a Amtrak (hereinafter collectively referred to as "Defendants"), who hereby move this Court for a partial summary judgment under Rule 56 of the Federal Rules of Civil Procedure on the grounds that survival action claims made by plaintiffs should be dismissed as a matter of law as there is no evidence that Larry Gauthia experienced any conscious pain and suffering after the accident. Plaintiffs have asserted generalized claims for recovery of "actual," "compensatory" and "consequential" damages, and to the extent plaintiffs' complaint may be read to seek survival action recovery under Louisiana law, then such a claim can only be made upon proof that Larry Gauthia was conscious after the accident and did in fact suffer pain. As there is no evidence that Larry Gauthia consciously suffered any pre-death pain, the plaintiffs' survival action must be dismissed. For the reasons stated hereinbelow, there is no genuine issue as to any material fact and defendants are entitled to judgment in their favor as a matter of law.

## I. FACTS AND ALLEGATIONS

On December 29, 2006, a collision occurred between an automobile driven by Larry Gauthia and a National Railroad Passenger Corporation ("Amtrak") train. Larry Gauthia was killed in the collision. The accident occurred at the intersection of Eddy Street and Union Pacific Railroad Company's ("UPRR") main line track in Vinton, Louisiana.

Plaintiffs' Complaint seeks recovery for "actual," "compensatory" and "consequential" damages.

The accident giving rise to this accident occurred in Louisiana and the substantive law that should apply in this case is Louisiana law. In Louisiana, where an accident results in death, there are two causes of action. There is a survival action under Louisiana Civil Code Article 2315.1 and a wrongful death action under Louisiana Civil Code Article 2315.2. The elements of recovery are distinctly different for each claim. The wrongful death action does not derive or result from a survival action and the survival action does not derive or result from the wrongful death action. One exists independently of the other. The burden of proof for each is distinct. One may have a cause of action for and recover damages for wrongful death and not be able to maintain or prove a cause of action for survival damages under 2315.1 to recover damages for a survival action under La. C.C. art. 2315.1, there must be proof that there was conscious pain and suffering by the decedent prior to that person's death.

It has become patently clear after investigation and discovery in this matter that there is not a shred of evidence which could establish that Larry Gauthia survived the initial impact and certainly no evidence that he regained consciousness, in any manner, at any

2

time, after the accident. A claim for post accident pain and suffering simply does not exist. Therefore, any survival action claims should be dismissed.

## II.  LAW AND ARGUMENT

Louisiana's Civil Code provides for the recovery of damages suffered by a decedent prior to his or her death as the result of an offense or quasi offense. La. Civ. Code art. 2315.1 entitled "Survival action" states as follows:

> A. If a person who has been injured by an offense or quasi offense dies, the right to recover all damages for injury to that person, his property or otherwise, caused by the offense or quasi offense, shall survive for a period of one year from the death of the deceased in favor of:
>
> > (1) The surviving spouse and child or children of the deceased, or either the spouse or child of the children.
> >
> > (2) The surviving father and mother of the deceased, or either of them, if he left no souse or child surviving.
> >
> > (3) The surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving.

Additionally, Louisiana's Civil Code provides for the recovery of damages suffered by a decedent's surviving heirs as the result of the decedent's death if that death was caused by an offense or quasi offense. La. Civ. Code art. 2315.2 entitled "Wrongful death action" provides:

> A. If a person dies due to the fault of another, suit may be brought by the following persons to recover damages which they sustained as a result of the death:
>
> > (1) The surviving spouse and child or children of the deceased, or either the spouse or child of the children.
> >
> > (2) The surviving father and mother of the deceased, or either of them, if he left no souse or child surviving.

> (3) The surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving.

Louisiana courts have interpreted the survival action under La. Civ. Code art. 2315.1 as meaning:

> Survival action comes into existence simultaneously with the existence of the tort and is transmitted to beneficiaries upon the victim's death and permits recovery only for those damages suffered by the victim from time of injury to moment of death.[1]

The survival action and the wrongful death action are two (2) distinct causes of action that arise at different times, address themselves to the recovery of damages for different injuries and losses, and accrue to different tort victims. [2] The survival action comes into existence simultaneously with the tort, permits recovery only for the damages suffered by the victim from the time of injury to the moment of death, and is transmitted to the victim's beneficiaries upon death. Conversely, the wrongful death action arises only if and when the victim dies and compensates the beneficiaries for their own individual injuries that occur at the moment of the victim's death and thereafter.[3]

It is well settled that there is no basis for a survival action for pain and suffering experienced by a decedent unless that person was conscious following the injury. [4]

---

[1] *Yarbrough v. Federal Land Bank*, 732 So.2d 1244 (La. App. 2 Cir. 1999).

[2] *Walls v. American Optical Corp.*, 740 So.2d 1262 (La. 1999); *Boullt v. State Farm Mutual Automobile Ins. Co.*, 752 So.2d 739 (La. 1999).

[3] *Walls v. American Optical Corp.*, 740 So.2d 1262 (La. 1999); *Boullt v. State Farm Mutual Automobile Ins. Co.*, 752 So.2d 739 (La. 1999).

[4] *Daniels v. Conn*, 382 So.2d 945 (La. 1980); *McDaniel v. Walsh*, 234 So.2d 833 (La. App. 1 Cir. 1981), writ denied, 256 La. 616 237 So.2d 397; *Chausse v. Southland Corp.*, 400 So.2d 1199 (La. App. 1 cir. 1981), writ denied, 404 So.2d 278 (La. 1981); *Pierre v. Lallie Kemp*

Defendants would additionally direct this Honorable Court to the decision rendered by Louisiana's 1st Circuit in *Siemann v. Teston*, 517 So.2d 242 (La. App. 1st Cir. 1987), wherein the court opined:

> **[W]here there is no indication that the decedent consciously suffered any pre-death pain, an award cannot be made to the survivors for pain and suffering.**[5] (emphasis added)

The Louisiana Third Circuit has also embraced this rejection of an award for pain and suffering where the decedent did not consciously suffer after the accident. In *Schexneider v. La. Dept. Of Health & Hospitals*, 660 So.2d 508 (La. App. 3rd Cir. 1995), the court stated the following regarding the proof necessary to recover survival damages:

> **[S]uch an award must be rejected absent any indication of conscious suffering by the deceased.** *Id.*[6] (emphasis added)

This rule of Louisiana law has been recognized by the U.S. Fifth Circuit Court of Appeal. In *Haley v. Pan American World Airways, Inc.*, 746 F.2d 311 (5th Cir. 1984), the Court stated:

> Louisiana courts condition a "survival" claimant's recovery on proof of pre-death pain and suffering. *Daniels v. Conn*, 382 So.2d 945 (La. 1980). This generally requires affirmative evidence that a decedent was "conscious" after the accident and did in fact suffer pain. (citations omitted)

---

*Charity Hosp.*, 515 so.2d 614 (La. App. 1 Cir. 1987); *Etcher v. Newmann*, 806 So.2d 826 (La. App. 1 Cir 2001).

[5] *Siemann v. Teston*, 517 So.2d 242 (La. App. 1 Cir. 1987).

[6] *Schexneider v. La. Dept. of Health & Hospitals*, 660 So.2d 508, 511 (La. App. 3 Cir. 1995).

Federal District Courts in Louisiana recognize the above-stated burden of proof to prevail on a survival claim. For example, Judge Parker of the United States District Court, Middle District of Louisiana has held:

> Damages in a survival action under article 2315 include the conscious pain and suffering experienced by the deceased as a result of the injury preceding his death. Mere proof that the decedent was alive, but unconscious, subsequent to the accident, is insufficient to establish a basis for recovery....In order to support an award for conscious pain and suffering prior to death, Louisiana requires affirmative proof that the decedent was, in fact, conscious after the accident and did suffer pain. (citations omitted)

*Reed v. John Deere*, 569 F.Supp. 371, 377 (E.D. La. 1983).

Similarly, the United States District Court, Eastern District of Louisiana Judge Porteous, has held:

> In order to recover for survival actions under Louisiana law (governed by Louisiana Civil Code Article 2315.1), the plaintiff has the burden of proving that the decedent experienced conscious pain or suffering prior to death. See, *e.g., Daniels v. Cohen* (sic), 382 So.2d 945 (La. 1980).

*Young v. American Reliable Ins. Co.*, 1999 WL 447455 (E.D. La.)

Plaintiffs bear the burden of establishing that Larry Gauthia was conscious and suffered pain after the accident and prior to his death. As plaintiffs are unable to establish this conscious pain and suffering, this Court is prohibited from awarding his survival heirs any damages for pain and suffering in the survival action.

As petitioners will be unable to establish that Larry Gauthia consciously suffered after the accident and prior to his death, plaintiffs' survival action claim should be dismissed.

## III. CONCLUSION

There is no evidence to support a contention that Larry Gauthia experienced any conscious pain and suffering after the impact. As such, it is respectfully submitted that plaintiffs' survival claim should be dismissed and plaintiffs should be precluded from offering argument that plaintiffs are entitled to recover survival action damages.

## IV. REQUEST FOR ORAL ARGUMENT

Defendants hereby request oral argument of this motion.

Respectfully submitted,

**McLEOD, ALEXANDER, POWEL & APFFEL**
A Professional Corporation
Douglas W. Poole (TBA: 16115600)
William R. Floyd (TBA: 07188407
802 Rosenberg, P.O. Box 629
Galveston, TX 77553
(409)763-2481  – Fax: (409)762-1155

**DAVIDSON, MEAUX, SONNIER & McELLIGOTT**

BY: _____
KYLE L. GIDEON (#14288)
810 South Buchanan Street
Post Office Drawer 2908
Lafayette, LA 70502-2908
(337) 237-1660 – Fax: (337)237-3676

**BENCKENSTEIN & OXFORD, L.L.P.**
Hubert Oxford, III (TBA: 15392000)
3535 Calder Ave., Ste. 300
Beaumont, TX  77706
(409)833-9182  – Fax: (409)833-8819

Attorneys for: National Railroad Passenger Corporation, Union Pacific Railroad Company, Andrew F. Granger, Brent Waguespack, Ken Rouse and Jack Mann

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the ____14th___ day of April, 2008, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to the following by operation of the court's electronic system.

_____
KYLE L. GIDEON