IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| JUDY GAUTHIER, *et al* | C.A. NO. 1:07-CV-00012-TH |
| Plaintiffs | |
| V. | Judge Thad Heartfield |
| UNION PACIFIC RAILROAD COMPANY, *et al* | |
| Defendants | JURY |

## MOTION TO DISMISS PLAINTIFFS' CLAIM FOR PUNITIVE DAMAGES UNDER FRCP RULE 12(b)(6)

Defendants, Union Pacific Railroad Company, Andrew F. Granger, Brent Waguespack, Ken Rouse, Jack Mann, and National Railroad Passenger Corporation d/b/a Amtrak (hereinafter collectively referred to as "Defendants"), hereby move this Court pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Plaintiffs' claim for punitive damages because such relief cannot be granted under Louisiana law. In support of this Motion, Defendants show as follows:

I. **Facts and Allegations**

This lawsuit involves a collision between an automobile driven by Larry Gauthia and an Amtrak passenger train that occurred in Vinton, Louisiana. (See Plaintiffs' Complaint). Specifically, at approximately 11:42 a.m. on December 29, 2006, Gauthia was traveling in a northerly direction on Eddy Street toward a wide open railroad crossing that had a railroad advance warning sign, a cross-buck sign, and a STOP sign located at its approach.

As Gauthia approached the crossing, an Amtrak train was also approaching from the west. That train was lawfully traveling at a speed of 78 miles per hour and was sounding its whistle and bell prior to the collision. The train was plainly visible and audible to Gauthia. However, he failed to stop or slow at either the STOP or railroad cross-bucks signs and proceed to drive directly into the train's path. Gauthia's failure to yield to the train's right of way resulted in the collision and his unfortunate death.

Plaintiffs filed the above captioned lawsuit against Defendants on January 9, 2007. In their Complaint, Plaintiffs allege that they are entitled to punitive damages for the subject Louisiana accident. Specifically, Plaintiffs allege as follows:

> Plaintiffs are entitled to punitive damages because Defendants' actions were grossly negligent and/or intentional. Defendants acted with conscious and malicious disregard for Plaintiff's health and safety. Defendants' acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Plaintiff and others. Defendants had actual, subjective awareness of the risk and consciously disregarded such risks. In fact, Defendants are keenly aware that there have been 4 fatalities at this crossing since 1997.

(Plaintiffs' First Amended Complaint, ¶21). For the reasons discussed in detail below, the above claim must be dismissed because it is not actionable under Louisiana law.

## II.   Standard For Granting a Rule 12(b)(6) Motion to Dismiss

In considering a motion to dismiss for failure to state a claim under FRCP Rule 12(b)(C), courts must accept all well pleaded facts as true and view them in the light most favorable to the plaintiff. *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir.2002). Thereafter, the plaintiff's claim should be dismissed if it appears beyond doubt that he can prove no set of facts in support of his claim that would entitle him to relief. *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir.1995). The relevant question

on such a motion is not whether the plaintiff will prevail but whether he is entitled to offer evidence to support his claim. *Cross Timbers Concerned Citizens v. Saginaw*, 991 F.Supp. 563, 571 (N.D.Tex.1997). In this case, when Louisiana law is properly applied, Plaintiffs can prove no set of facts that would entitle them to punitive damages.

### III.  Louisiana Law Should Be Applied To This Case

When determining what state's substantive laws apply to a particular lawsuit, federal courts use the forum state's choice of law rules. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 206 (5th Cir.2007). Here, given the forum, Texas choice of law rules obviously apply.

Under Texas law, the *Restatement's* "most significant relationship" test is used. *Hughes Wood Products, Inc. v. Wagner*, 18 S.W.3d 202, 205 (Tex.2000). According to that test, the court must consider which state's law has the most significant relationship "to the particular substantive issue to be resolved." *Id.* at 205. Factual considerations that must be taken into account when making such a determination include:

    a)    The place where the injury occurred;

    b)    The place where the conduct causing the injury occurred;

    d)    The domicile, residence, nationality, place of incorporation and place of business of the parties; and

    e)    The place where the relationship, if any, between the parties is centered.

*Id.*; see also *Restatement (Second) of Conflict of Laws* §145(2) (1971).

In this case, the relevant facts to the choice of law question are largely undisputed (many of which are admitted in Plaintiffs' Complaint). For example, the deceased, Larry Gauthia, and all but one of the Plaintiffs were/are residents of the State

of Louisiana and the subject collision occurred at a railroad crossing in the Town of Vinton, Louisiana. (Plaintiffs' First Amended Complaint). Considering the location of the accident alone, there are a number of Louisiana statutes that must be applied to this case. Specifically, La.R.S. 32:169 provides that the railroad had a duty to erect and maintain a railroad cross-buck sign at the Eddy Street crossing and La.R.S. 32:171 provides the duties of a motorist such as Larry Gauthia at the crossing. Given the undisputed facts relevant to the choice of law question, it would make no sense to apply any substantive law other than that of Louisiana.

### IV. Plaintiffs' Punitive Damages Claim Is Not Actionable Under Louisiana Law

In Louisiana, the law is clear that punitive or other penalty type damages are not allowed unless expressly authorized by statute. *International Harvester Credit Corp. v. Seale*, 518 So.2d 1039, 1041 (La.1988); *McGee v. AC and S, Inc.*, 2005-1036 (La.7/10/06), 933 So.2d 770. In this case, Plaintiffs have not and cannot cite to any statute that authorizes the imposition of punitive damages given the allegations in their complaint. Specifically, said allegations, even when viewed in the light most favorable to Plaintiffs, do not support their claim. Accordingly, FRCP Rule 12(b)(6) mandates a granting of this motion for failure to state a claim upon which relief may be granted.

### V. Conclusion and Prayer for Relief

WHEREFORE, Defendants pray that this Motion be granted and Plaintiffs' claim for punitive damages be dismissed with prejudice at Plaintiffs' costs. Louisiana law is clear that punitive damages are not allowed unless expressly authorized by statute. There is no Louisiana statute that authorizes punitive damages based on the allegations set forth in Plaintiffs' Complaint.

## VI. Request For Oral Argument

Defendants hereby request oral argument on this Motion.

Respectfully submitted;

**McLEOD, ALEXANDER, POWEL & APFFEL,**
A Professional Corporation
Douglas W. Poole
TBA No. 16115600
William R. Floyd
TBA No. 07188407
802 Rosenberg, P. O. Box 629
Galveston, Texas 77553
409.763.2481, Fax 409.762.1155

**DAVIDSON, MEAUX, SONNIER & McELLIGOTT**

BY:_____
J. E. McELLIGOTT, JR. (#13822)\
KYLE L. GIDEON (#14288)
810 South Buchanan Street
Post Office Drawer 2908
Lafayette, Louisiana 70502-2908
Phone: (337) 237-1660
Fax: (337) 237-3676

**BENCKENSTEIN & OXFORD, L.L.P.**
Hubert Oxford, III
Bar # 15392000
3535 Calder Ave., Ste. 300
Beaumont, TX 77706
Phone: (409) 833-9182
Fax: (409) 833-8819

Attorneys for Defendants, Union Pacific Railroad Company, Andrew F. Granger, Brent Waguespack, Ken Rouse, Jack Mann, and National Railroad Passenger Corporation d/b/a Amtrak