

| | | |
|---|---|---|
| JUDY GAUTHIER, as an individual<br>and on behalf of Larry Gauthier<br>and his estate, *et al.*,<br>*Plaintiffs*, | §<br>§<br>§<br>§<br>§ | |
| V. | §<br>§ | CIVIL ACTION NO. 1:07CV12 |
| UNION PACIFIC RAILROAD CO., *et al.*,<br>*Defendants*. | §<br>§<br>§ | |

## MEMORANDUM ORDER OVERRULING OBJECTIONS
## AND ADOPTING REPORT AND RECOMMENDATION
## ON DEFENDANTS' DISPOSITIVE MOTIONS

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the Eastern District of Texas, the Court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for entry of findings of fact and recommended disposition on the Defendants' pending case-dispositive motions. On March 10, 2009, Judge Giblin issued his *Report and Recommendation* [Clerk's doc. #112] on those motions. The magistrate judge entered findings of fact and conclusions of law and recommended that the Court grant four of the motions [Clerk's doc. #s 46, 47, 50, 51], deny three of the motions [Clerk's doc. #45, 48, 80], and grant in part and deny in part one of the dispositive motions [Clerk's doc. #49].

The Defendants objected to the magistrate judge's report and re-urged the arguments and evidence contained in their motions for summary judgment regarding federal preemption and application of Louisiana law to Plaintiffs' claims. The Defendants specifically argue that Judge Giblin erred in his application of the law on federal preemption regarding federal funding of the warning devices at the crossing in question. They also contend that the magistrate judge misapplied Louisiana law on the "dangerous trap" doctrine in this case and that their motion for summary judgment regarding their statutory duties to maintain the crossing under Louisiana law should be granted. They finally object to Judge Giblin's recommendation that the Plaintiffs be allowed to introduce evidence relating

to excessive speed or inadequacy of warning devices on the locomotive as part of their general negligence claims even though the magistrate recommended that summary judgment be granted on those issues.

It is only incumbent upon this Court to make a *de novo* review of those portions of the magistrate judge's report and recommendation to which the Defendants specifically raised objections. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). With respect to those portions of the report and recommendation to which no objections were raised, the Court need only satisfy itself that there is no plain error on the face of the record. *See Douglas v. United Serv. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

The Court has conducted a *de novo* review of Judge Giblin's analysis on the issues presented in the motions and considered Defendants' objections regarding the same. Pursuant to the Defendants' objections and in accordance with 28 U.S.C. § 636(b)(1), the Court conducted a *de novo* review of the magistrate judge's findings, the record, the relevant evidence, the specific objections, and the applicable law in this proceeding. After review, the Court finds that Judge Giblin's findings and recommendations should be accepted. The Defendants' objections [Clerk's doc. # 113] are overruled.

Accordingly, the magistrate judge's *Report and Recommendation on Dispositive Motions* [Clerk's doc. #112] is **ADOPTED** by this Court.. The Court therefore **ORDERS** as follows:

Defendants' motion for partial summary judgment regarding the railroad's duty to maintain the crossing [Clerk's doc. #45] is **DENIED;**

Defendants' motion for summary judgment regarding Plaintiffs' survival action [Clerk's doc. #46] is **GRANTED**;

Defendants' motion for partial summary judgment regarding the federal preemption under the Boiler Inspection Act of claims related to the adequacy of warning devices [Clerk's doc. #47] is **GRANTED**; subject to the Plaintiffs' introduction of certain related evidence on other negligence claims;

Defendants' motion for partial summary judgment as to the Plaintiffs' inadequate warning devices claim (the "dangerous trap" motion) [Clerk's doc. #48] is **DENIED**;

Defendants' motion for partial summary judgment as to Plaintiffs' inadequate warning devices and excessive train speed claims (federal preemption based on use of federal funds and train speed) [Clerk's doc. #49] is **GRANTED IN PART** (as to the excessive speed claim) and **DENIED IN PART** (as to the inadequate warning device/federal funds preemption issue); and the accompanying supplemental motion for partial summary judgment on the inadequate warning device claims/federal funds issue [Clerk's doc. #80] is **DENIED**;

Defendants motion to dismiss the Plaintiffs' claims for punitive damages under Federal Rule of Civil Procedure 12(b)(6) [Clerk's doc. #50] is **GRANTED**; and

Defendants' motion for summary judgment regarding allegations of inadequate training of the locomotive engineer [Clerk's doc. #51] is **GRANTED**.

**SIGNED** this the 25 day of **March, 2009.**


_____
Thad Heartfield
United States District Judge